UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,                    Case No. 3:09-cr-00433-KI

                  Plaintiff,                    OPINION AND ORDER

    v.

**QUANTRILL THOMAS BRIGHT**,

           Defendant.


    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Scott M. Kerin
    Assistant United States Attorney
    1000 SW Third Ave., Suite 600
    Portland, OR 97204-2902

        Attorneys for Plaintiff

    Quantrill Thomas Bright
    No. 71905-065
    FCI Safford

Page 1 - OPINION AND ORDER

P.O. Box 9000
Safford, AZ 85548

      Pro Se Defendant

KING, Judge:

Defendant Quantrill Thomas Bright seeks a reduction of his 100-month sentence of imprisonment.  Pending before me is Bright's Motion to Reduce Sentence [45].  I deny the motion.

## BACKGROUND

Bright entered a guilty plea to knowingly and intentionally distributing 28 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), as alleged in a single-count Superseding Information.

At the sentencing hearing on August 2, 2011, I found the base offense level was 26 but, recognizing that Bright technically ought to be treated as a career offender, raised the offense level to 34.  I adjusted the offense level by three to account for Bright's acceptance of responsibility and found the total offense level was 31 with a criminal history of VI, resulting in a guideline range of 188 to 235 months.  While the career offender enhancement was technically correct, I thought it overstated his status and I adjusted the sentence downward to avoid the unwarranted degree of additional punishment it caused.

On November 3, 2014, Bright filed a Motion to Reduce Sentence, relying on the Sentencing Commission's determination that the Drug Quantity Table overstated the seriousness of some drug offenses and that a reduction in two levels would correct the problem.[1]

---

[1]Bright also moved for appointment of counsel, which I deferred.  It is now moot.

Page 2 - OPINION AND ORDER

**DISCUSSION**

Bright relies on the Sentencing Commission's guideline amendment, effective November 1, 2014, and made retroactive to previously sentenced inmates, which changed the offense levels in U.S.S.G. §2D1.1 for some drug offenses.  Am. 782 and 788 to U.S. Sentencing Guidelines ("U.S.S.G.").

The court "may reduce a term of imprisonment, . . . <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>."  18 U.S.C. § 3582(c)(2) (emphasis added).  In U.S.S.G. § 1B1.10, the Sentencing Commission set out its policy in addressing an amended guideline range, reiterating that the Court "may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," but that "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."  U.S.S.G. § 1B1.10(a)(1).  Importantly,

> (2)    <u>Exclusions.</u>—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> . . . .
>
> (B)    an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).  The Sentencing Commission makes it clear that consideration under 18 U.S.C. § 3582(c)(2) is triggered only when the applicable guideline range is lowered, and that the applicable guideline range is the offense level and criminal history before departure or variance.  U.S.S.G. § 1B1.10, Application Note 1.

I cannot grant Bright a sentence reduction.  Although I imposed a non-career offender sentence, he was subject to the career offender guideline and his pre-departure guideline range has not been affected by Amendment 782.  I have no jurisdiction to reduce Bright's sentence.[2] See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009) (sentence not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); United States v. Pleasant, 704 F.3d 808, 812 (9th Cir. 2013) (because his pre-variance guideline range was as a career offender, defendant did not qualify for sentence reduction).

### CONCLUSION

For the reasons set forth above, I deny Bright's Motion to Reduce Sentence [45].

IT IS SO ORDERED.

DATED this ____16th____ day of December, 2014.


  /s/ Garr M. King_____
Garr M. King
United States District Judge

---

[2]Even if I had jurisdiction, I would not reduce Bright's sentence.  Bright received an eminently reasonable sentence.  As I noted at the sentencing hearing, I imposed a sentence based on all the facts available to me and determined a sentence that was not more than necessary to address the sentencing factors outlined in 18 U.S.C. § 3553(a).